## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMALA WHITTAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-00304 SRW |
| ) | |
| ST. LOUIS COUNTY JUSTICE CENTER, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented plaintiff Jamala Whittaker, an inmate currently incarcerated at the St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). For the reasons discussed below, the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## The Complaint

Plaintiff Jamala Whittaker, who is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri, filed this instant action alleging violations of his civil rights. He brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names the St. Louis County Justice Center as the sole defendant in this action.

Plaintiff states that he is an inmate at St. Louis County Justice Center. He claims that on or about August 31, 2023, the intake staff at the Justice Center unlawfully released his personal property without his authorization, valued at approximately $3483.00, to an unknown person by the name of Amanda Dreisewerd. Plaintiff alleges that he did not sign a property release form prior to his property being released to Ms. Dreisewerd, nor did he give permission for his property to be released. Plaintiff seeks monetary damages in this action to compensate for his lost property.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S.

319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff is a self-represented litigant currently incarcerated at St. Louis County Justice Center who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that

review, and for the reasons discussed below, the Court will dismiss plaintiff's claim for compensation for lost property against the Justice Center.

First, plaintiff's claim against the St. Louis County Justice Center is subject to dismissal because the Justice Center is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Although plaintiff asserts that he is suing the Justice Center in its "official capacity," he has not indicated an unconstitutional policy or custom of the Justice Center or Clayton, Missouri, under which he is suing. A political subdivision generally cannot be held vicariously liable under 42 U.S.C. § 1983 for unconstitutional acts performed by its employees. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A political subdivision can only be held liable under § 1983 if a constitutional violation resulted from an official policy, custom, or a deliberately indifferent failure to train or supervise. *Id.*; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same.

Here, plaintiff's facts do not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a Clayton, Missouri] governing body" as being at issue in this case. *See Angarita v. St. Louis Cty.,* 981 F.2d 1537, 1546 (8th Cir. 1992). He does not claim that a specific staff member's actions at the Justice Center were the result of "a deliberate choice of a guiding principle or procedure made by the municipal official who has

4

final authority regarding such matters." *See Corwin v. City of Independence, Mo.,* 829 F.3d 695, 700 (8th Cir. 2016). Plaintiff also has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Clayton, Missouri's employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct, as he only alleges one particular incident on a specific date. *See Johnson v. Douglas Cty. Med. Dep't,* 725 F.3d 825, 828 (8th Cir. 2013). Additionally, he has not demonstrated that the Justice Center was deliberately indifferent in failing to train or supervise its employees. That is, he has not shown that Clayton, Missouri, or the Justice Center "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.,* 397 F.3d 1118, 1122 (8th Cir. 2005). For these reasons, plaintiff has failed to state a claim against either the Justice Center or Clayton, Missouri. *See Ulrich v. Pope Cty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Additionally, as to plaintiff's suggestion that an unknown officer at the Justice Center unconstitutionally deprived him of his property, the Court notes that to state a constitutional violation, plaintiff must demonstrate that there is no meaningful post-deprivation remedy. *See Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 702 (8th Cir. 2004) ("When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"). Missouri provides such an adequate post-deprivation remedy. *See Orebaugh v. Caspari,* 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th

5

Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law). As such, plaintiff cannot make a constitutional claim for loss of property in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2024.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE